Thank you, Your Honor. May it please the Court, my name is Anne Vojts and I represent Appellant Benefitt Technologies. The National Congress of Employers has ceded their time to me and I would ask to reserve four minutes of my time for rebuttal, if I might. This Court should reverse the District Court's order certifying two nationwide fail-safe classes because the District Court took impermissible shortcuts by, first, concluding that appellants had waived any challenge to the lack of a specific personal jurisdiction, and second, in certifying a class based on faith that plaintiffs might be able to satisfy Rule 23's requirements, rather than proof that plaintiffs actually had. In both instances, it declined to decide the hard questions both of jurisdiction and of compliance with Rule 23, and neither the Constitution nor Rule 23 permit that. Ms. Vojts, I hate to interrupt, but I have a very basic question. The question I have concerns subject matter jurisdiction. I don't understand how this Court can consider the challenge to the personal jurisdiction ruling. Doesn't it go beyond the appeal of the Rule 23, the review of the Rule 23a factors? It's a defense. Personal jurisdiction is a defense under 12b-2. It's not a Rule 23 factor. Why should this Court even be looking at it? This Court should be considering it because it goes to what class the District Court could ultimately certify, and whether it is permissible to certify a class that encompasses class members over which the District Court does not have personal jurisdiction. But aren't there very specific factors that the Court should be looking at? You know, numerosity, totality, commonality. What does personal jurisdiction have to do with any of that? It goes to the threshold question, Your Honor, of whether, in fact, the District Court's judgment can bind the parties to the decision. And in a class action, that decision both means the defense as to all claims. But isn't that class certification, isn't it logically after you've decided who the class is? If I'm understanding the Court's correction. I'm sorry. I misstated it. Isn't personal jurisdiction something that has to be decided after the class certification is determined? It can be, or it can be framed here as a challenge to how the District Court should certify a class, if any. And why? What factor here, what about what the Court's analysis here goes to any of the factors that you should be looking at under class certification? It goes to, I think, again, the threshold question about whether the Court can actually certify a class that encompasses class members over whom the District Court doesn't have personal jurisdiction. We note also that this was not a challenge that plaintiffs raised to our ability to present this issue on a Rule 23-F petition, and the Court granted the petition. But at this point, there is a certified class. Well, but this is a jurisdictional question for the Circuit Court, right? I mean, what are we supposed to be looking at when we have something before us? And if we have a review of a class certification, why are we deciding whether the Court implicitly made a determination of that waiver? Because the 23-F petition, Your Honor, allows either a party to whom class certification has been granted or denied to challenge that decision. And here, the decision is fundamentally flawed for reasons that sort of flow together, that the class is overbroad because it encompasses class members over whom the District Court, and there's no dispute over this, has no personal jurisdiction. But this is a defense, an affirmative defense, is it not? So how is that not determined at some point later on? Because the question, again, goes to the power of the Court. And once it's certified as a class, it then proceeds and binds all of the members to that class, and it binds the defendant as to their claims. And we think if you look at the decisions of both the D.C. Circuit and the Fifth Circuit, they considered, the Fifth Circuit considered this on a Rule 23-F petition, and ultimately it remanded the issue of waiver. But it remanded on the issue of personal jurisdiction, but it did consider the issue of waiver on a 23-F petition. And we think that that is the appropriate course here. If I might address the issue of waiver, the District Court didn't even reach the issue of jurisdiction because it concluded that the issue had been waived because it hadn't been brought in a 12-B motion. And that is error under both the Fifth Circuit's decision in Crouzon and the D.C. Circuit's decision in Moloch. That's because until the class has been certified, the only plaintiffs before the Court, the only claims before the Court are the named plaintiffs. And personal jurisdiction challenge isn't available because what actually brings those unnamed class members before the Court is the actual certification. That's what reifies, in their words, the unnamed class members, and that's what makes them and their claims. subject to the Court's powers. And a contrary ruling is inconsistent with both Supreme Court and Ninth Circuit law that unnamed class members and their claims aren't part of the action until after certification. That's under this Court's decision in Gibson and the Supreme Court's decision in Smith. What made this defense available wasn't Bristol-Myers, it was certification. And so the act of the District Court in certifying this class, over which everyone agrees, where everyone agrees that as to the non-California class members, there is no personal jurisdiction. And turning to sort of the second issue, which is reaching that issue of jurisdiction, whether Bristol-Myers Squibb applies, it does, for some fairly basic principles. First, as I mentioned earlier in response to your question, Judge Cardone, courts do not have the authority to bind parties to their judgments without personal jurisdiction. Personal jurisdiction, second, turns on the claim. We look at it claim by claim, and we look at it based on the defendant's contacts with the state. And third, we know from Bristol-Myers Squibb that you can't have personal jurisdiction over one claim by virtue of the fact that it exists over another. And so the question, then, is what fills this gap? And the answer is nothing. It's not the Fifth Amendment, it's not Rule 4, and it's not Rule 23. And we'd submit that the Sixth and Seventh Circuits got it wrong because, one, they focused on the class member's status as parties or non-parties, and that's error under Schutz. Because in Schutz, the Supreme Court was faced with the question of whether absent class members, whether they needed to have personal jurisdiction over their claims from the standpoint of the absent class members, and it concluded that yes. And Moorewood even acknowledged that it is more that the standard for what is required for personal jurisdiction is more demanding for defendants than it is for the unnamed class members. Second, they were wrong about the application of the Fourteenth Amendment and whether it mattered or not. It does matter because even though this case is in federal court, the state court rules are what matter. Because federal rules ordinarily require federal courts to follow state law and determine the balance of their jurisdiction over persons. So while the Fifth Amendment does supply due process limits on jurisdiction in federal courts, the crucial question here is what the Fourteenth Amendment allows. Because Congress's typical manner of providing for the exercise of personal jurisdiction has been to authorize service of process. This is not a case where nationwide service of process has been authorized, and so what applies are the limits in Rule 4K. And that incorporates the Fourteenth Amendment's protections. Third, with respect to personal jurisdiction, the cases have gone the other way, as the dissent in the Sixth Circuit case pointed out, have done so by saying, well, personal jurisdiction really shouldn't be different from subject matter jurisdiction or venue, and that there are lesser requirements for those when it comes to class members as opposed to named class plaintiffs. But the problem with that is that ignores the fact that there's, that's not because there's some unwritten exception for class actions. It's because Congress specifically created exceptions to its own statutory prerequisites. That's not the case here. Part of the reason, essentially there's sort of three arguments that have been advanced as to why Bristol-Myers shouldn't apply here, and we think all of them are wrong. First, that federal courts are different, and as we've just explained, they're not for purposes of this analysis. Second, that class actions are different, and again we've explained why for purposes of this analysis, they aren't. Rule 23 does nothing to expand jurisdiction, it can't. And then third, which I think is the reasoning that's driven much of this, is that even if the reasoning compels us, even if these basic principles compel us to this result, it seems like too much. It seems like a departure. But ultimately, this is sort of a function, not just of Bristol-Myers Squibb, but of Bristol-Myers Squibb and Walden, and the accompanying contraction of general jurisdiction. That means that the reason this is coming up now is because of the evolution in the way that we think about personal jurisdiction. With respect to the question that this court needs to think about, finding in our favor doesn't mean the end of nationwide class actions. This isn't about whether nationwide class actions can be brought, it's about where they can be brought. And plaintiffs will have no problem bringing nationwide class actions against a corporation, either in its state of incorporation or where it's headquartered. Second, Congress also has an out. A federal court's personal jurisdiction is limited to the region set out in Rule 4K, but Congress has created exceptions to this rule before, and it certainly can do so again. But it hasn't done so yet. And so the question here is what applies. And that analysis is the 14th Amendment. And under Bristol-Myers Squibb, the answer is that this nationwide class that encompasses claims over which the court does not have specific personal jurisdiction cannot proceed. The court has no questions on that. I'd like to quickly address class certification before I need to reserve my time for rebuttal. With respect to class certification, essentially what the district court did was to certify a fail-safe class. And it did so in a way that overlooked the really difficult questions about typicality and predominance that exist in this case. In typicality, the question is are class claims, are they limited to those that are fairly encompassed by plaintiff's claims? But here you had a plaintiff who was contacted allegedly in one way, but whose claims attempt to encompass a whole range of ways in which contacts were made and a whole series of levels of entities who were involved and varying responsibility. Indeed, even the entities like Denise E. Jaxx weren't simply representing Benefit or HII. They sold products on behalf of many, many different companies and many different products. And so the fundamental question both for typicality and for predominance about how you would prove this simply can't be answered without individualized proof. And what the district court did and did erroneously was say, well, look, those differences may ultimately matter to liability, but it doesn't matter because they all suffered the same injury. But that runs contrary to Dukes, which said, look, same injury isn't just a violation of the same provision of the law. And here, because the district court conceded that liability couldn't be resolved in a single stroke, that there are these fundamentally difficult, naughty questions that are deeply individualized, it couldn't get around those by certifying a class that depends on each individual first proving that they are entitled to be part of the class and proving liability. That error of law was an abuse of discretion. And I see that I'm running short on my time on rebuttal. If the court has no questions, I'll reserve the rest of my time for rebuttal, if I might. Thank you very much, Ms. Boyd. Thank you. We'll go ahead and hear from you. Yes, thank you. May it please the court, Matthew Wessler on behalf of Kenneth Moser. I mean, I think right up front, I want to just make a few things clear, because I think although this case started out very big, I think it's... ...for the 14th Amendment. I agree with Your Honor. I just want to lay out that it's not a constitutional argument that they're making. In other words, they are not making an argument that somehow the Fifth Amendment of the Constitution makes the maintenance of this class action unconstitutional. Their argument is that the federal rules, as Your Honor just said, forbids a federal court from... ...or forecloses a federal court from allowing a class action that includes out-of-state absent class members. And I think this argument... So it turns entirely on an interpretation of the federal rules, not on the constitutional dimensions of the Due Process Clause. Well, I think it turns in the first instance on an interpretation of the federal rules. If you then... Then you have to... Assuming they're right about that, then you do get to a 14th Amendment question. So I think it's both. But I do think we're on the same page, at least initially. Right. So let's turn right to this argument that Rule 4 somehow permanently restricts or limits a federal court in its exercise of jurisdiction. For starters, of course, no court has ever adopted that understanding of Rule 4. It is an unprecedented interpretation of the rule. The Sixth Circuit and the Seventh Circuit have explicitly rejected that argument. And I think the reason that that argument hasn't found any purchase is because both the text and the structure of the federal rules don't support it. And let's go right to Rule 4. What the defendants argue here, right out of the gate, is that Rule 4 operates as a kind of freestanding limitation on federal court jurisdiction writ large. I think that quite badly misunderstands the nature of that rule. For starters, the rule is simply titled Summons. And all it does is create a mechanism for a named plaintiff to establish personal jurisdiction over a defendant via service of process. But once that requirement is satisfied, and here there's no dispute that it has been satisfied, it does not continue to operate in some free-floating way out there forever yoking a federal court to the state court limitations that might apply under the 14th Amendment. It is, in other words, a rule that simply speaks to the how and the where a plaintiff must serve process, as the Seventh Circuit put it in Moosat. And it incorporates the limits on a state court's reach under the 14th Amendment only for that purpose. Well, I mean, imagine this for a second. This was not a class action, and we're just Moser versus HII. And a second plaintiff who lives in New York decided they wanted to join this case, too. It's not a class action, but they wanted to be a part of this case, too. Wouldn't we then do—wouldn't Rule 4 latch on at that point? And we would ask what is the basis for personal jurisdiction over this New York plaintiff's claim against this Delaware-Florida corporation in California? Absolutely, Your Honor. Absolutely, Rule 4 would apply to another plaintiff who seeks to join a case that has already been filed or filed simultaneously in, let's say, in this case, for instance, in California federal court. That raises, though, several crucial distinctions that exist between what Your Honor just described in your hypothetical and what we have here, right, which is not an example of a case that has separate named plaintiffs pursuing their own claims individually but together in a case. Instead, what we have is a representative action that has been certified under Rule 23. Now, before I get to the reason why Rule 23 doesn't require the same service of process rules that Rule 4 does, I want to just back up because it's not just Rule 23 that helps us contextualize Rule 4. The federal rules contain a set of provisions that govern what happens after a case has begun when additional parties seek to join the case or new claims are sought to be added to the case. So, for instance, you have Rule 24, which governs intervention. Rule 25, which governs substitution. You have Rule 14 and Rule 19, which govern interpleader and joinder practices. All of those rules are designed to establish a process for what should happen when new parties want to enter the case. And here's how we know that Rule 4 doesn't work the way that the defendants say it does. For all of those rules, Congress has opted, in some cases, to require compliance with Rule 4, in other cases, to not require compliance with Rule 4, and in even other cases, to modify the requirements under the service rules of Rule 4. So, for example, Rule 24, which is intervention, and Rule 25, which is substitution, in which a new party would enter the case, in some ways like what Your Honor just suggested, the rules specifically require service under Rule 4. Consistent with the 14th Amendment, state courts do process limitations that are applied through state long-arm jurisdiction statutes and through Rule 4k1a. But for other forms of joinder, when additional parties want to enter the case, Congress has modified that rule. For instance, Rule 14 and Rule 19, interpleader and joinder. In those cases, and this is Rule 4k1b, Congress has said federal courts are not restricted to the same rules that would apply under the 14th Amendment to a state. Instead, if you're seeking to join a case under Rule 19, or a new party enters into the case under Rule 14, you can serve process under essentially what's known as the bulge rule, which extends jurisdiction 100 miles from where the summons was issued. But the geographic limitations are irrelevant for that purpose. Now, here's where Rule 23 kicks in, because as the defendants have acknowledged, or they argue, Rule 23 is simply, they say, a species of joinder. Well, in Rule 19, which is the rule that specifically governs joinder, Congress created an exception for class actions. An exception for class actions that are, so when you are seeking to certify a class under Rule 23, you are not yoked to that service rule under 4k1b. This is rule, and it is explicitly in the rules, it's Rule 19d. And it states, quote, exception for class actions. This rule is subject to Rule 23. And that's, I think, really significant here, because it shows that Congress understood that for a range of different developments in a case, down the road, after a named plaintiff has satisfied their requirements under Rule 4, that there are a number of different ways in which either parties or non-parties or claims can come into the case, and they all operate under a different set of rules that are not restricted to the same rules that apply to a named plaintiff under Rule 4. Rule 23... What is the authorization, then, for personal jurisdiction? I mean, there has to be some basis in the rules for extending personal jurisdiction over a claim. And what else would it be other than Rule 4? There is no additional authorization that's required for representative action under Rule 23. Again, this is not a constitutional concern in this case. The only argument that the defendant is making, and I take your honor, Judge Bress, I take your point that the argument ultimately reaches a kind of constitutional point by getting to the 14th Amendment. But the only argument is that Rule 4 requires everybody to satisfy the 14th Amendment's restrictions on personal jurisdiction of states. And the reason that's not true is because Congress doesn't need to require that as a matter of constitutional concern, and in fact does not requirement for a number of different ways that additional parties or claims come into the case. So you ask, how do we know that there's personal jurisdiction? Well, because the sovereign in this case is the United States, there is personal jurisdiction for any claim brought under a federal cause of action. There is no minimum context problem, and so no personal jurisdiction due process concern that animates the doctrine in the first place. I guess the question is, I mean, you know, sometimes Congress specifies that by allowing nationwide service process, right? But it didn't do that here yet. And so I guess the question is, where is the source of federal court authority to exercise personal jurisdiction if it's not in Rule 4? Sure. So the best evidence is in the text of Rule 23 itself. If you look right at the beginning of Rule 23, it says Rule 23A, prerequisites, first sentence, one or more members of a class may sue or be sued as representative parties on behalf of all members, right? So it is Rule 23, as the Supreme Court itself has said in Shady Grove, that explicitly, and I'm quoting here, explicitly empowers a federal court to certify a class in each and every case where the rules criteria are met. That is the, if you're looking for an explicit grant of authority, it comes directly from Rule 23. It unambiguously authorizes any plaintiff in any federal civil proceeding to maintain a class action so long as the rules prerequisites are met. And those prerequisites, I just want to pause here for a moment, those prerequisites are significant. They safeguard both the absent class members and the defendant itself. Counsel, would this be different if we were in diversity? Would your analysis be different? I don't think the analysis would be different because for either diversity jurisdiction cases or federal claim cases, the due process inquiry remains the same, and the rules operate for both of those kinds of cases in the same way. Now, of course, if your Honor thought that there potentially were a difference, we're not obviously in that situation here. You wouldn't need to necessarily reach that question. But the defendant's argument here would, in its view, and you can ask my colleague in rebuttal, would apply, I think, no differently regardless of whether we are in federal court on diversity jurisdiction or under federal question jurisdiction. Either way, they say Rule 4 operates as this kind of freestanding limit on a federal court's jurisdiction. But that runs directly, I think, into the text and structure of the federal rules as a whole and also the text of Rule 23, which authorizes plaintiffs in any case that is in federal court to seek to certify a class action. Once you get to a Rule 23 question, I want to make sure I understand your argument, you're arguing then that the only due process constraint over the exercise of personal jurisdiction over any of the parties would turn on minimum contacts with the United States as a whole. Is that correct? Yes. I mean, we're in a world where in federal court, the relevant contacts for the sovereign are the contacts within the United States. We might have an Asahi problem if we had a foreign corporation. Yes, absolutely. But for purposes of this kind of case, the relevant contacts are with the United States as a whole. And I don't think there's any dispute on that point. Mr. Wessler, while we're on the topic of this jurisdiction, there was some questioning of opposing counsel as to whether there was appellate jurisdiction to review the personal jurisdiction aspects of this case in the context of the Rule 23, Rule 23F appeal. Do you want to go ahead? You didn't argue that, obviously, in your answer in the brief, that there was a lack of jurisdiction. Do you have a response or a view on that issue? Yeah, I don't know that I have a particular view on this jurisdictional question. I do think it raises, in my mind, a more fundamental problem, which is that there is this incompatibility between the argument that the defendants are making here and with the way that aggregate litigation and class actions in general have proceeded for decades. And I think part of the difficulty in conceptualizing what is going on here is that personal jurisdiction has never really been measured by the claims that are brought on behalf of absent class members. And the reason that that has never been true is because under the Supreme Court's own framework, the sine qua non of what matters for purposes of personal jurisdiction is the parties' claims. And the lurking problem with the defendants' argument, and the issue that they really refused, I think, consistently throughout this case to have engaged in, is how they can square their understanding of this theory with what the Supreme Court in Devlin v. Scarlatti said, that the appropriate framework for determining when and when not absent class members should be treated as parties. There is a settled framework for evaluating that question. It's pragmatic, and it asks, does treating absent class members as parties serve the interest of the class action device? And is it consistent with settled practice? And if the answer is no to those questions, then they are not to be treated as parties. No court has ever treated them as a party for purposes of, for any jurisdictional purpose. And to do so here would be a radical step that no court and no authority would support. It would also, and I realize I'm about to run out of time, if I could just make this final point, pose some very serious practical problems that the defendants have really refused to even acknowledge. What would it mean, for instance, if all of the absent class members are now parties? Must they then hire a lawyer, file a complaint, serve process under Rule 4, which appears to be— Counsel, I have a question along that same lines. I'm going to ask the presiding judge if I can have time to ask an additional question here. Of course. On the theory that you have spun here, Bristol-Myers is a mass tort in which the parties were able to identify all of the plaintiffs. Class actions are very different. People can opt in, opt out, not going to know in advance how many people there are. We just take a best guess. Under the theory that you have spun here about the effect of Rule 23, does your analysis suggest that Bristol-Myers might apply, might extend to class actions, nationwide class actions brought in state court, but not to class actions brought in federal court? That is, there's a great deal of academic literature, a lot of stir there about whether Bristol-Myers is going to be the end of a class action. And I'm just wondering whether the class action bar, the plaintiff's bar, is concerned about what happens to state class actions but not worried about federal class actions. Yes, Your Honor. Now, of course, I can't speak for the plaintiff's bar as a whole. But I will try to answer your question because I think it's an important one. And I think it's a difficult question. I think that my best answer to you is that it matters how a state's procedure would treat absent class members. In the same way that in federal court, we look to the Devlin framework to evaluate whether absent class members are parties. If the state procedural rules would treat them as parties for this purpose, I think that would carry some relevance to this question of whether Bristol-Myers would apply in the class context. If under state procedural rules they would not be treated as parties, then I think what we're talking about is a representative action. And from the beginning of the American legal system, you can find examples of representative actions in federal and state court. Counsel, that feels like – I think I see where your argument is going. That feels like a very different argument, an alternative theory to the one that you spun about Rule 23 and the question I previously asked you about the minimum context with the United States as a whole. That's the omni-capital theory. I agree. I mean, I think if I understand what you're getting at, it is a different question. I mean, precisely because the minimum context analysis differs, right? Here we're under a minimum context analysis under the Fifth Amendment, but for every state it would be the minimum context analysis under the Fourteenth Amendment. So I think that there is a dimension to Bristol-Myers that could potentially be relevant for a state court's effort to – under some specific state law's class rules. But I still think the analysis that I'm laying out here is the same analysis that you'd run in state court that applies here under Rule 23, which is how do we understand or conceptualize the nature of this action? Is it truly a representative action? And if it is, there shouldn't be a due process problem because you don't have individual plaintiffs or parties coming into a state to litigate their own claims. You have a single plaintiff who is seeking to earn the right to represent on behalf of everybody claims of either identical or similar enough nature. And in that context, I don't think you would necessarily run into a Bristol-Myers problem in the same way that you would if you were in a mass court context. Thank you, counsel. I see my – I've run over. I do want to ask if my colleagues have any further questions because we have let you go over, but it's an important case. We want to make sure all of our questions are asked. Judge Cardone or Judge Ivey, any questions? No. Mr. Wessler, we have let you go over your time, and I want to thank you for your argument this morning. Thank you. Ms. Boyce. Thank you, Your Honor. I have five points I'd like to make in response to Mr. Wessler's argument. First is the nature. You don't need to rush through. Thank you. Go ahead. Thank you. First, with respect to the question of the nature of our challenge, it is both constitutional and statutory, as you acknowledge, because for purposes of this analysis, the Fifth Amendment and the Fourteenth are coterminous, and the scope of jurisdiction is limited, as this Court has held, by Congress's typical mode of providing for the exercise of personal jurisdiction, which is the service of process, which is dictated by Rule 4. There is a difference between the Fifth and Fourteenth if you look at the Omni Capitol case. The strong suggestion of Omni Capitol, which the Court hasn't squarely held, is that for Fifth Amendment purposes, we are looking at minimum contacts with the United States as a whole rather than minimum contacts with any particular jurisdiction. The problem is that 4K tells us that federal courts are going to rely on what would be the equivalent state jurisdiction. So it appears to be an artificial limitation on a federal court's exercise of jurisdiction. But a limitation nonetheless, Your Honor. So while there may be a larger question that this Court doesn't need to answer now about what the outer ambits of the Fifth Amendment could permit, it's not an issue here where really the question is what is actually authorized in terms of personal jurisdiction. And I think Judge Bresk got the question right when he said, we all agree that in this case, Moser could not be joined by a plaintiff who was in New York and whose injury occurred in New York. There wouldn't be specific personal jurisdiction over those claims. And there's nothing in Rule 23 that allows the aggregation of that permit. And I'd like to address the point that it's never been true that personal jurisdiction matters over absent class members' claims. That's not true. Schutz actually looked at that issue for absent class members and decided there that it was satisfied under the lesser standard applicable to class members  And with respect to Devlin, the question here, again, I think, with respect to my colleague on the other side, they are getting wrong and what the other circuits have gotten wrong previously, as the dissent points out, is that really the question isn't whether class members are parties or not. The question is whether there is specific personal jurisdiction over their claims. And it's undisputed that there isn't. And the argument that, in fact, that doesn't matter, that you don't need it, is unsupported by anything. I think the argument with respect to Rule 23 gets it wrong. Nothing in Rule 23 so explicitly allows this sort of expansive view of jurisdiction. It's a claims processing rule. But when you're talking about a judgment that binds all of the claims, so what you're talking about is essentially class-wide liability without class-wide due process. The court's claim processing rules usually go to subject matter jurisdiction. And I understood the argument about 23 to go to the question of personal jurisdiction, which might be very different. I think the problem is that nothing in Rule 23 suggests it's intended to expand the balance of personal jurisdiction. And I think there's nothing to support that here, or to overturn the basic principles that we're operating off of, which were dictated by Walden and Bristol Myers Squibb. It's difficult to see how there's any real difference between a mass action and a class action. If it is impermissible for 500-some to be brought in when there's no jurisdiction over their claims in a mass action, why is it permissible for 500,000 or 5 million in a class action? And the answer is that really there isn't a difference for jurisdictional purposes. In all of those cases, the court is required to have, as Walden and Bristol Myers make clear, the court must have jurisdiction over each claim, whether it's brought by a named plaintiff or whether it's brought as steward on behalf of those class members. Ms. Boyce, we have let you go over, and I want to ask my colleagues if they have any further questions for you before we conclude. Ms. Boyce, I want to thank you for your argument. Mr. Wessler, I want to thank you for your argument. The court greatly appreciates the arguments of all parties in the briefings. This case is now submitted. And that concludes our calendar for this morning. We'll stand adjourned until tomorrow. Thank you. Thank you.
judges: Bybee, Cardone, Bress